UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMZILE LEE WILBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1444-DJS |
| ) | |
| ST. LOUIS CITY JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Emzile Lee Wilburn (registration no. 38469) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $50.83, and an average monthly account balance of $8.84. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.17, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), brings this 42 U.S.C. § 1983 action against SLCJC, Lutheran Ministries, Francis Slay, Samuel J. Simon, and ten employees of SLCJC. Plaintiff generally alleges that he is "being badly mistreated on [his] fore-fathers' land . . . as a Native American Egyptian Hebrew Israelite," and he is "prohibited from exercising [his] religious beliefs." He states that his "complaints are deliberately indifferent." Moreover, plaintiff claims that "administration . . . refuses to intervene, leaving [him] helpless to the ongoing mistreatment, refusals of needed medicines, surgery, eye wear and emotional satisfaction." He also claims that defendant Ball-Tyler denied him prescription contact lenses "but gave [him] regular non-prescribed reading glasses." For relief, plaintiff seeks "$600 million dollars . . . [and a] change of venue, so [he does] not have to endure mistreatment or like now retaliation from staff members."

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the violation of his constitutional rights.

Moreover, to state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Conclusory allegations and allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Id. Plaintiff has failed to plead facts sufficient to indicate a deliberate indifference to serious medical needs.

Last, the Court concludes that plaintiff has failed to state a retaliation claim, as he does not specify any named defendant who retaliated against him or who directed or knew of the alleged retaliation by unnamed others. See Martin v. Sargent, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff

fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Accordingly, having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $10.17 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this   5th   day of October, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE